UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WANDA PACHECO                                                  Civil Action No.

                     Plaintiff,

    -against-                                                   **COMPLAINT**

                                                                                                                                      Plaintiff Demands
                                                                                                                                Jury Trial

THE SAINT PETER AND PAUL SCHOOL,
THE ROMAN CATHOLIC ARCHDIOCESE
OF NEW YORK, and SISTER MICHELLE MCKEON,
individually,

                                Defendants.
------------------------------------------------------------------X

       Plaintiff, WANDA PACHECO ("PACHECO"), as and for her Complaint (the "Complaint") against Defendants, THE SAINT PETER AND PAUL SCHOOL, THE ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK, collectively referred to herein as ("SAINT PETER & PAUL"), and SAINT PETER & PAUL Supervisor Sister Michelle MCKEON sets forth and alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action, involves federal questions, because the causes of action asserted herein arise in part under the American with Disabilities Act ("ADA"). This Court has jurisdiction over the related state law claims herein asserted pursuant to 28 U.S.C. §1367, *Gibb*, 38 U.S. 715 (1966), and the laws of the State of New York and City of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against, and retaliated against by Plaintiff's former employer

on the basis of disability and/or perceived disability, and in accordance with the applicable principles of pendant jurisdiction.

2. Plaintiff Pacheco further complains pursuant to the laws of the State of New York, and City of New York seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, and conductively and actually discharged by Plaintiff's former employer on the basis of disability and/or perceived disability.

3. Venue properly lies in this District pursuant to Defendant SAINT PETER & PAUL'S Principal Place of Business being located in Bronx County.

## JURY DEMAND

4. Plaintiff Pacheco demands a trial by jury.

## PARTIES

5. Plaintiff Pacheco is an individual woman who resides in the State of New York, Bronx County with an address at 425 East 154th Street, Bronx, New York 10455.

6. Plaintiff Pacheco was employed as a computer teacher at the SAINT PETER AND PAUL CATHOLIC SCHOOL, located in the Bronx, New York.

7. Defendant SAINT PETER AND PAUL CATHOLIC SCHOOL operates as an early learning and elementary Catholic school for children PreK-8th Grade and has a place for the purpose of business transactions located at 838 Brook Ave, Bronx, NY 10451.

8. Defendant THE ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK is a Roman Catholic, Latin Rite Archdiocese in New York which oversees a number of religious and academic institutions across the State of New York and has a corporate office located at 1011 1st Avenue, New York, NY 10022.

9. Sister Michelle MCKEON also referred to as Defendants' employee or Sister MICHELLE (as referred to by staff at the SAINT PETER AND PAUL SCHOOL CATHOLIC SCHOOL), was and is the Principal of the SAINT PETER AND PAUL CATHOLIC SCHOOL.

10. At all times material, Sister MICHELLE was and is a resident of the State of New York.

11. At all times material, both establishment/corporate Defendants SAINT PETER AND PAUL CATHOLIC SCHOOL and THE ARCHDIOCESE OF NEW YORK were joint employers of Plaintiff Pacheco.

12. At all times material, Plaintiff Pacheco was an employee of Defendants, jointly and severally.

13. At all times material, Sister Michelle held supervisory authority over Plaintiff Pacheco.

## RELEVANT FACTS

14. In or around September, 1996, Plaintiff Pacheco began her employment with Defendants as a Computer teacher.

15. For many years Plaintiff Pacheco was praised for her work since she performed each task assiduously and on time.

16. Plaintiff Pacheco was diagnosed with breast cancer on March 19, 2008. Plaintiff Pacheco suffered from malignant lumpectomy of the right breast. Furthermore, as a result of the lumpectomy, Plaintiff Pacheco underwent radiation therapy which began for Plaintiff Pacheco on April 1, 2008.

17. Plaintiff Pacheco informed Sister MICHELLE and the Defendants of her diagnosis in or around March of 2009.

18. As a result of Plaintiff Pacheco's illness, Plaintiff Pacheco underwent breast surgery to remove the cancer.

19. As a result of the surgery Plaintiff Pacheco underwent, Plaintiff Pacheco had a limited range of motion in her arms and often felt pain if she tried to ever move her right arm past a certain point. This substantiating limiting disability prevented Plaintiff Pacheco from engaging in daily activities.

20. In fact, after the surgery, Plaintiff Pacheco suffered from extreme pain and swelling throughout her right arm. The pain was so excruciating that Plaintiff Pacheco hired an employee to help her iron clothes because Plaintiff Pacheco was unable to perform such an action. Furthermore, Plaintiff Pacheco was and is unable to lift any heavy objects and does not even have the ability to twist the cap off of a drinking bottle because she is without any strength in her right arm.

21. Plaintiff Pacheco directly informed Sister MICHELLE of her limited physical limitations, which would substantially limit strenuous activity for Plaintiff Pacheco.

22. Sister MICHELLE, who was in the midst of drawing up contracts, stated that she would be shredding Plaintiff Pacheco's contract and drawing up a new contract for Plaintiff Pacheco to sign.

23. On May 19, 2015, Sister MICHELLE called Plaintiff Pacheco to the office. Sister MICHELLE showed Plaintiff Pacheco a new contract and stated "I made changes to your contract."

24. The only change in the contract was a change in position that made Plaintiff Pacheco teach gym. Sister MICHELLE knew full well that Plaintiff Pacheco could not teach gym due to her physical limitations.

25. Gym teachers at SAINT PETER AND PAUL CATHOLIC SCHOOL engaged in all physical activities which required a full range of physical motion from any staff member ordered to teach the class.

26. When Plaintiff Pacheco once again informed Sister MICHELLE of her physical limitation because of her breast cancer surgery (Plaintiff Pacheco is a breast cancer survivor), Sister MICHELLE did not care and failed to reasonably accommodate Plaintiff Pacheco.

27. Furthermore, Sister MICHELLE offered absolutely no accommodations or alternative to teaching gym even though Plaintiff Pacheco inquired about alternatives.

28. Instead, on May 29, 2015 Sister Michelle sent Plaintiff Pacheco a letter stating that Plaintiff Pacheco was "voluntarily resigning." In fact, when Plaintiff Pacheco protested, Sister MICHELLE responded to Plaintiff Pacheco by saying "That is the job. Take it or leave it."

29. Sister MICHELLE was fully aware that Plaintiff Pacheco was unable to teach gym due to her disability. Sister MICHELLE ignored Plaintiff Pacheco's disability and failed to provide any reasonable accommodation to Plaintiff Pacheco to either (i) assist her with teaching gym, or (ii) offer a different class option to Plaintiff Pacheco. Defendant further assigned Plaintiff Pacheco to work in the gym in order to force Plaintiff Pacheco to either quit or be fired, knowing that she could not teach gym due to her disability. Defendant took these actions because of Plaintiff Pacheco's disability.

30. On May 30, 2015, Plaintiff Pacheco wrote Sister MICHELLE a letter stating that Plaintiff Pacheco was not resigning from her position.

31. Plaintiff Pacheco again informed Sister MICHELLE of her inability to teach Gym due to her breast cancer. Plaintiff Pacheco received no response from Sister MICHELLE.

32. On June 1, 2015, Sister MICHELLE sent Plaintiff Pacheco a letter confirming that she no longer worked at the school. Sister MICHELLE stated in the letter, "I wish you well."

34. Plaintiff Pacheco wrote a rebuttal to Sister MICHELLE but again received no response.

35. Defendants terminated Plaintiff Pacheco on account of her complaints and on account of her disability.

36. As a result of Defendants' actions, Plaintiff Pacheco felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. The above are just some examples of the unlawful disability discrimination and retaliation to which Defendants subjected Plaintiff Pacheco.

38. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff Pacheco suffered and continues to suffer from anxiety and severe emotional distress. She often cannot sleep at night because of the stress Defendants placed on her and furthermore suffers from anxiety as she tries to locate a job to support her family.

39. As a result of the acts and conduct complained of herein, Plaintiff Pacheco has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff Pacheco has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff Pacheco demands Punitive Damages against all Defendants jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
### (not against individual Defendants)

41.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42.     Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

43.     SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

44.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

45.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46.     SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

47.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

50. Defendants engaged in an unlawful discriminatory practice by discriminating, harassing and creating a hostile work environment against the Plaintiff because of her substantially limiting disability.

51. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

54.     Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (AGAINST DEFENDANT MCKEON)

55.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

56.     New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

57.     Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

58.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59.     The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status,

sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

60. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability.

61. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST DEFENDANT MCKEON)

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

67. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS AN NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST DEFENDANT MCKEON)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69.     Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

70.     Defendants violated the above section as set forth herein.

### AS A TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

71.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72.     Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems proper and in the interest of justice.

Dated: New York, New York
  July 12, 2016

*[signature]*

Paul Liggieri, Esq.
DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
Tel.: (212) 587-0760